UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO A. ASTURIAS,<br><br>Petitioner,<br><br>v.<br><br>DEAN BORDERS, Warden,<br><br>Respondent. | Case No. 16-cv-02149-HSG (PR)<br><br>**ORDER TO SHOW CAUSE;<br>GRANTING APPLICATION TO<br>PROCEED IN FORMA PAUPERIS;<br>DENYING MOTION TO APPOINT<br>COUNSEL**<br><br>Re: Dkt. Nos. 3, 4 |

Petitioner, a prisoner currently incarcerated at the California Institution for Men, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from San Francisco County Superior Court.  He also seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.

## BACKGROUND

According to the petition, on or about December 14, 2012, petitioner was convicted of continuous sexual abuse of a child and possession of child pornography.  He was sentenced to sixteen years and eight months in state prison.  In 2015, the California Court of Appeal affirmed his conviction, and the California Supreme Court denied his petition for review.  Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which also denied review in 2015.  Petitioner reports that he did not file any state habeas petitions before filing this action.  The instant action was filed on April 21, 2016.

## DISCUSSION

### A.    Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the

1    application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

2    **B.      Petitioner's Claims**

3          As grounds for federal habeas relief, petitioner claims that: (1) the trial court violated his

4    constitutional right to a public trial when it closed the courtroom during the testimony of the minor

5    victim's parents; and (2) California Penal Code § 859.1, pursuant to which the trial court closed

6    the courtroom, is unconstitutional.  Liberally construed, petitioner's claims appear cognizable

7    under § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020

8    (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

9    **C.      Motion to Appoint Counsel**

10         Petitioner has filed a motion to appoint counsel.  The Sixth Amendment's right to counsel

11   does not apply in habeas corpus actions.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.

12   1986).  Unless an evidentiary hearing is required, the decision to appoint counsel is within the

13   discretion of the district court.  *See Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228,

14   1234 (9th Cir. 1984).  An evidentiary hearing does not appear necessary at this time, and there are

15   no exceptional circumstances to warrant appointment of counsel.  At this early stage of the

16   proceedings, the Court is unable to determine whether the appointment of counsel is warranted.

17   Accordingly, the interests of justice do not require appointment of counsel at this time, and

18   petitioner's request is DENIED without prejudice to the Court's *sua sponte* reconsideration should

19   the Court later find an evidentiary hearing necessary following consideration of the merits of

20   petitioner's claims.

21                                  **CONCLUSION**

22         1.      In light of petitioner's lack of funds, his application to proceed in forma pauperis

23   (dkt. no. 3) is GRANTED.

24         2.      Petitioner's motion for appointment of counsel (dkt. no. 4) is DENIED.

25         3.      The Clerk shall mail a copy of this order and the petition with all attachments to the

26   respondent and the respondent's attorney, the Attorney General of the State of California.  The

27   Clerk shall also serve a copy of this order on petitioner.

28         4.      Respondent shall file with the Court and serve on petitioner, within **sixty (60) days**

United States District Court
Northern District of California

of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30) days** of the date the answer is filed.

5.       Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

6.       Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7.       Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Docket Nos. 3 and 4.

**IT IS SO ORDERED.**

Dated:  8/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

3